Okay the next case before us is 20-418 et al. AAG California v. Kisana and we will try very hard to avoid any technical glitches this time and technological glitches. Council for appellant please proceed. Thank you your honor my name is Dick Baldwin and I represent appellants Abdul Kisana specialized sales and leasing and luxury auto group. May it please the court as AAG has agreed in their response brief the dispositive question in that resolves this appeal is whether the conversion claim arises from a duty that is independent from the party's contractual duties. It does not and so this court should reverse. The district court relied on or the district court concluded that the independent duty that allowed the court claims to survive despite the economic loss rule was the duty to not take the property of another. That duty doesn't work for a number of reasons. First conceptually that naturally is a duty it's an axiom it's an axiom under the law you can't take the property of another but contract law is fundamentally premised on the notion of altering that exact duty and so just at a conceptual level that duty is inherently intertwined with contract duties especially in cases such as this where the property that's at issue that was being taken is the property that's at issue under the contract. So you're right is that is that right I mean nobody's saying that they stole 42 cars what they're saying is they stole 35 titles. Well that's a distinction without a difference under this contract the contract was for the benefit of the bargain so to speak which was how which is how this court has described it in prior opinions the benefit of the bargain here in conceiving of what the contractual duties were were the cars but the cars don't mean anything without the titles and the titles don't mean anything without the cars so to separate the two is a bit of a false distinction and the benefit of the bargain for Mr. Cassano was to receive the cars be able to sell them and transfer them and profit from them in exchange for paying for the cars and so he could only do that if he got the titles and they weren't willing to give them the titles. Would you agree at least with this much that that they that that that Mr. Cassano violated a non-confractual duty that exists under court law by steal according to the district judge stealing conspiring to steal the titles? Well you know under with the record that we have before us right now I think is actually a bit less clear than that makes it sound. The record is pages 77 and 78 of the record provide the evidence for that assertion that Mr. Cassano is is the person who had violated some sort of duty. The only evidence in the record that describes that is that an employee of AAAG sent the titles and you haven't challenged in your in your opening brief have you or maybe I'm maybe I'm wrong but I didn't think you have challenged the sufficiency of the evidence for the district judge's finding that that Mr. Cassano had basically collaborated with the employee to improperly obtain those titles. No we didn't challenge it as a finding because the way I can see of that is that the the the way the judge convert or the way the judge used the factual assertions to then make what to me read more like conclusory legal conclusions about stealing you know that's not a factual assertion that that's a legal conclusion about the effect of what those facts were and we haven't challenged under the clear standard the facts themselves. We didn't challenge the facts that were presented to the district court and we still don't challenge them and I'm not going to mince words you know the sympathies I understand cut against our client in this case there's no and trial counsel at page 444 of the record has conceded that we certainly are would be liable under contract you know the damages question perhaps is in play and to some extent but trial counsel already conceded liability under the contract for exactly that reason there certainly was enough going on here that shows that certainly there's a breach of contract but the question about a breaching a separate tort duty that he owed you know the evidence that was that their employees sent the titles to us there's nothing in the record that shows any sort of affirmative act on our part or anything that Mr. Cassana had done to coerce or entice that person to send it to us well they wouldn't have to do either and if I understood you just correctly just what you just said to just backtrack is for purposes of this proceeding you are not challenging that there was cooperation collaboration and the word that is more appropriate probably is conspiracy to get the the titles and so he wouldn't he doesn't have to affirmatively do anything beyond agree that the employee will send him the titles and as I understand it you're not contesting that right we're not no well we haven't challenged purposes of this proceeding you are not challenging that for purposes of this proceeding we haven't challenged the factual findings under the clear air standard okay well if he could if he conspired with agreed with the employee to get the titles and the the fact that the employee put the titles in the mail and Mr. Cassana didn't I mean doesn't change the fact that they conspired to do that together well then the question becomes and this goes back to your initial comment about what a what a what a contract essentially qualifies or or or creates the the boundaries of you don't need a contract to tell somebody they can't take your property you know I mean that's a crime I mean you don't need a you don't need a contract to do that so I I'm struggling to understand why the contractual relationship would have to preclude what went on here and if it didn't have to preclude what went on here why doesn't that suggest that what went on here as you have accepted for purposes of this obligation it isn't under this contract and the reason why the the the legal test requires that result is because the Utah Supreme Court has considered in weighing the the the policy decisions or the the policy considerations about the risk of blurring the line between contract remedies and tort remedies and the Utah Supreme Court has spent 20 years fleshing out this test and drawing a rigid and and very rigid line in in Utah as compared to Colorado and South Dakota as we point out in our briefings Utah has a very robust economic loss rule where they have instructed courts to be wary of blurring the line between contract and tort law and that where there are even overlapping duties much less co-extensive duties but overlapping duties between a tort claim and a contract claim the contract claim boxes out the tort claims and Utah has made the decision under Utah law the decision has been made that there's a preference for shuffling part the parties to a contract into contract remedies and the Utah court in health bank even recently considered that there may be the possibility for questions about whether there and they said there is no inequity in limiting parties to the contract damages rather than opening the door to all these tort damages for precisely the reason that the Utah Supreme Court and the Utah legislature now that it has codified the economic loss rule has decided that the that distinction between contract and tort is so important that they want to make sure that there is a complete separation between the two well why would have to be a contractual relationship to not conspire to take my property and and in other words why is that why certainly I don't where in this contract is there a predicate for that I noted in your brief that you started out saying Mr. Cassano didn't honor his contractual relationship to pay well he did a whole lot more than that didn't he I mean at least for purposes of this proceeding he conspired with their employee to take their titles the in the Utah Supreme Court has addressed that as well to say that ill motives and bad acts are not I'm not trying to I know I don't I'm not in the business of judging your client I what I'm getting at though is what's contract and what's not and and so I'm trying to understand yeah I don't care about his motives if his motives tracked the contract that's one thing if he didn't pay because he was a bad man then I could see the economic loss rule swallowing this up but that's not what we're talking about here we're not talking about him not paying because he's a bad man we're talking about him conspiring to get property which was not his own that's what I need to understand in a sense in a sense that's precisely what we are talking about he he has conceded to liability under the contract which would provide full redress for the economic harms and so adding something more to that through tort is precisely punishing him for being a bad man that's what the economic loss rule is designed to protect against and here look the trial counsel conceded he is likely uh there will there should be a judgment against him for the contract damages there was a breach you know I'm not sure how much more forcefully I can say that to say there is a there is a redress for the economic harms here every one of the torts being asserted stems from that that injury that would be redressed through the economic or through the contract judgment in other words the your your point I think is that it's all contract related because basically you would not have a conversion claim in the absence of damages and the damages would be cured because you would comply with the contract and pay is that right precisely okay can I flesh that out a little bit so just give you maybe a hypothetical situation let's say um that we're acquaintances and you have a ring that I would like to buy for a hundred dollars and we enter into a written contract that uh Bob Bacharach will pay Mr. Baldwin a hundred dollars for his ring and you say okay I'll give you the ring Bob uh when you have a hundred dollars and and so we go have lunch I'm just doing the third argument excuse me somebody's somebody's unmuted go ahead judge back right now it's not it's not a voice go ahead so uh so sorry yeah they're going but I'm muted you're not muted my apologies but that's okay so uh so so back so we're having lunch and you put your ring out on the table and go to the restroom and I take that ring I steal it and you come back and and say you you converted my ring you stole it and I said oh Mr. Baldwin you're right I'll pay you a hundred dollars so we now I've paid you my contractual price is is there's is it would the economic loss rule uh prevent you from suing me for uh uh conversion yeah under Utah law it would require you to seek damages under contract you can basically as long as you've got a contract you can steal anything as long as you eventually when you get caught you pay up well that's charitably characterize it uh in a sense I guess I would say that the the distinction that I think is critical in this case also is that I understand the um that that this case maybe invites those exact type of hypotheticals but a critical distinction here is under your but let me tweak your hypothetical and say let's say that over the last two years you and I had done that eight million times and I had purchased eight million dollars worth of or I guess I can't do the math on the fly I'm an attorney but a lot the eight million times with eight million rings over the prior two years and we had an understanding about how these contracts work this wasn't some you know harebrained bank robbery where we where I tried to come up with some way of stealing your property this is a commercial enterprise where we've engaged in this pattern and practice and we had an understanding and that is critical context for understanding that this case stands separate and apart from the exactly those types of you know parade of horribles type hypotheticals that I think I understandably I can see how the court could be concerned about leading down that road and unless there are further questions I'd like to reserve a little bit of time for rebuttal so that's fine Mr. Baldwin. Counsel please proceed. Thank you your honor good morning and may it please the court I'm Jess Cranick and I represent the the appellee here AAAG California um in their two briefs filed in this case appellee appellants fail to confront or even mention the undisputed facts related to the theft of appellee's titles that gave rise to its conversion claim and were the basis of this district court's orders uh the reason for that is obvious those facts establish intentional tortious and even criminal conduct um in orchestrating a theft of another's property and present violations of duties not present that don't come from the contracts and therefore take this case outside the application of the economic loss rule um now Mr. Baldwin sort of minimized the evidence in the trial court on that front and I want to start by by just talking about that for a second um because it is undisputed and it's not as minimal as he as he would like to suggest um the undisputed facts giving rise of the conversion claim the theft of titles show that these parties entered into very basic purchase agreements whereby appellant was to pay for vehicles one auction and his only duty under those contracts was in fact to pay for the vehicles uh he was allowed to take the vehicles prior to payment but not to own or receive the titles until the payment was actually made and cleared and titled and processed and reassigned and in late 2019 he agreed to pay for nearly two million dollars in vehicles which is what's at issue here but then he failed and breached that duty to pay and then while he was in breach and on notice of that breach he then worked with a low-level employee of appellees to surreptitiously steal the titles from plaintiffs safe and FedEx them to himself and the evidence was not minimal it was declaration testimony there was videographic there was email there was documentary evidence showing that this employee circumvented the system and my client's policies used personal accounts to avoid detection and there were slips that were found in a garbage bin all substantiated in detailed and sworn statements the evidence in the district court now also shows that she was paid for this and then with these stolen titles in hand um Mr. Cassana then tried to sell all of the vehicles hide all of the proceeds and leave my client with no damages to collect for breach of the payment duty and because he had been dissipating all of these assets in violation of the very order that they now try to have dissolved in fact with a shell entity to pursue despite the fact that my client prior to the theft of titles held status as a legal owner of these vehicles by virtue of those title facts now those facts your honor you're correct um Judge Holmes these were undisputed below they're not challenged on appeal they were central to the orders being challenged and they're subject to clear error review which is not even raised here by appellants so really the sole issue here is did the district court abuse its discretion by applying the standard economic loss rule in Utah to these undisputed facts to grant relief um appellants frame their appeal by ignoring these on these detailed and undisputed facts of title theft misstating the basis of our conversion claim it uses discretion uh well I mean wouldn't the the underlying issue here whether these facts supported application of the economic loss rule would that not be an issue of law that is an issue of law your honor and and from our perspective I agree with you um and you know the analysis here from our perspective is is pretty straightforward because it's only calling really for this analysis that that applies the standard economic loss rule comparing the claims and asking whether the duty that's alleged to have been breached in the tort claim arises from the contract itself or from an independent source um and that's not a complicated analysis here but I agree with you that's that's a legal analysis um and the question here really is did the the district court um commit a legal error um in which it abused its discretion by entering these orders by and applying that law to these undisputed facts okay and and and based upon uh uh judge back rack's hypothetical earlier I I you know as stark as these facts may appear to be I don't think they're I don't think I don't think that uh Mr. Baldwin is contesting uh uh circumstances he's just saying that the rigorous economic loss rule uh in Utah would say that that that's not good enough and and and and I want to make sure I understand your response to what I understood to be his suggestion that it is the distinction with the difference that there was a course of commercial dealing here between the parties and that somehow or other that colors that there should this should just be a essentially a a failing of of a contractual duty uh by virtue of what is the stark facts of a conspiracy to to uh possess property yes your honor I mean the he's correct that the background here does arise from a commercial relationship however the undisputed facts of that commercial relationship that were before the course of dealing involved the circumstances that I described until this conspiracy to steal these titles so in other words the entire history of that course of dealing was that the parties had very basic purchase agreements that included only only um appellant's duty to pay and that his ability to take the titles that he had committed to auction to to buy um did not result in him ever titles of these vehicles that my client continued to own those titles and appellant didn't own or receive those titles until he had made payment that payment had cleared um and title had been processed and reassigned to him so in other words the undisputed evidence is that this title theft and him coordinating to circumvent policies and have these titles sent to him um you know which of course allowed him to then pass himself off as the legal owner of property belonging to another sell it downstream and then dissipate those proceeds before my client could catch him doing so that only arises from him engaging in conduct that was distinct from all of the party's transactions before and that's an extra contractual action okay it's distinct from their course of dealing before um if I understand you correctly but it I guess the argument would be and I don't when he gets back on but uh I think the argument would be that this course of dealing sort of cements in some sense a commercial contractual relationship therefore the zone of deviation uh if you will expands in other words you do if you could if you if you have failings within the context of an ongoing commercial relationship they become failings of the relationship as opposed to the one-off example the judge back recluded to of somebody just coming up you know if the first time they had dealt with each other this transaction had taken place I think the argument would be that's a much stronger case to say it's not part of the contract than what took place here so I guess I'm trying to understand do you think it matters at all how long their relationship went on if there had not been prior thefts in it I don't think it does under the facts here your honor because um I mean if you look at each of these transactions that are that are at issue this course of dealing each of them involve the same sort of very basic contractual concept um Mr. Kasana enters into a purchase agreement whereby he agrees to buy a vehicle that he's won the right to buy an auction and the sole duty that he undertakes that arises from that very simple purchase agreement is the duty to pay you know so at the point that he didn't hear he was in certainly in breach of contract um but those purchase agreements are exceedingly simple they were not talking about the kind of um you know complicated fully fleshed out real estate contracts that have been at issue in other Utah Supreme Court cases um where the economic loss rule has been applied and we're also talking about you know a real distinction in the type of extra contractual conduct that's at issue here those very simple purchase agreements create absolutely no duty for appellant with respect to titles so in other words um him orchestrating the theft of the titles from my client's safe by virtue of its employee didn't breach a specific duty that arises from the contract my client well why wouldn't it be there is a provision I think which which spells out the notion that buyer agrees that the title and ownership of the vehicle shall remain in the cellar uh and and I guess the flip side of that is well if I took it from the cellar I'm breaching uh the the stipulation that says the title will remain with the cellar right the the evidence before the district court which again is undisputed and not challenged on appeal was that that provision exists only for liability reasons so this is not a circumstance where the parties had some sort of negotiation as to waiver of court remedies or waiver of a theft of title that then gets reflected in a fully fleshed out commercial contract um you know there's there's a very limited basis for the title obligation and the title obligation that exists is solely on on my client's behalf there's no duty that arises for Mr. Baldwin's client um you know so my client holds legal ownership and only by virtue of the theft of those titles is appellant able to then pass themselves off as the owner the effect of which is to deprive my client of its ownership interest in in the vehicles um to use the example given by the district court which I think is is pretty spot on um you know under under appellants theory um where you lose a property right by virtue of something being surreptitiously stolen from you you go from being the actual owner which gives you rights as a matter of law that exceed those of a secured creditor and their argument is well because you had a very basic contract here in which I only had an obligation to pay you if I go steal your property in addition to failing to pay you um your rights become those of an unsecured creditor and if I leave a shell entity for you to collect from basically you can go from a property owner that that you know has property rights um that in conversion and constructive trust law give you the ability to actually reclaim your property or to trace its its proceeds and instead now by solely by virtue of my intentional action I have taken you from a property owner um to somebody who has to get in line with other unsecured creditors um and and you're not even going to get back the recourse of the value that you should have gotten for the property that I stole from you I've frustrated both your contractual and I've frustrated your tort remedies by virtue of my intentional action and that's not the way let me ask you a question that's maybe sorry to interrupt but we're going to run out of time um do you have do you do you think that Mr uh Baldwin's client breached by conspiring to steal these titles I don't know that that breaches a specific term of the of the contract I mean I guess another way to look at it and this is fleshed out in many of the cases that conduct this kind of analysis but you know um you the basic analysis here is we look at the duties that are at issue in each of the claims here and is the tort claim duty that's alleged does it come from the contractors does it come from someplace else the simplest way to look at that is if we didn't have a contract um would he still have violated my client's rights the answer to that is obviously yes he goes and he steals the the title to the vehicles well he's taken my client's property interest and my client ought to have the ability to gain recourse there and by virtue of the fact that you know really the only mention of title um in in the the agreements between the parties is a very simple one um and it's uncontested the district court's ruling that the basis for that is solely for essentially insurance and liability reasons obligations that my client has not obligations that Mr. Baldwin's client has um you know there's really nothing specific in the contract that says that he breaches if he goes and takes the titles he certainly breached by virtue of not paying when payment was was due I go ahead sorry I I understand your point and and it you know intuitively and otherwise it logically makes sense that if if there wasn't a contract would there be a duty and that that that plays into whether this is an extra contractual duty but but I guess I would ask if if you do make something the subject of a contract and for out and just tell me where I'm wrong in this under that provision we talked about despite what the district court said about oh that's in there only for liability purposes well that's that doesn't end the inquiry into whether this can be deemed to be a contractual duty why is why couldn't Mr. Baldwin's client argue that you this provision says the title will remain with you well I violated that provision because I took it so title was subject matter title possession was a subject matter of this contract and I violated that provision by taking the title from you and so I and so why doesn't then this harm that you allege arise out of a provision of the contract so I just want to make sure I understand how would you respond to that logic the analysis of the independent duties um is is one that you know really calls for a careful examination of the the duties the basis for both the tort claim and the contract claim that's not an analysis that appellants engage in any of their briefing here and I've not heard it here today and I think it oversimplifies the analysis to just say well you know do you have any mention of a subject in a contract the real question here is you know do you have overlapping duties you know this is not a case like health bank where the tort claim is entirely duplicative of a contract claim or the allegation is you breached a contract by by committing essentially a tortious breach it's likewise not a case um you know like like some of these cases involving real estate purchase contracts I'm sorry I see my time is up your honor man oh please finish it's not one of these cases where you've got a detailed real estate purchase contract where you have sort of extensive negotiation and waiver of tort remedies um the real question here is you know if you engage in that careful examination of of the duties in the contract claim and the duties in the tort claim you know is there an overlap of those alleged duties um and here um you know I would prefer the court to cases like Davenport and KTM and health bank where the court has said that that analysis ought to consider whether you have independent duties that arise from common law statute or other means um which include um duties that arise from the independent nature of society in other words you know common law the obligation the basic obligation that you referred to earlier not to take another's property um you know that's not a duty that arises from the contract it's a duty that arises from the common law and from the law of conversion and this is the same analysis undertaken in cases like Razone which is an out-of-district case but also the Ninth Circuit's decision in Giles and the Seventh Circuit's decision in Tyson um the latter two appellants don't address those in their briefing but they're pretty spot on from from the standpoint that you know they apply the exact same independent duty analysis that is applied in Utah courts distinctions that appellants try to draw as to Utah's law versus those jurisdiction law jurisdictions law are meaningless because that's not the issue the issue is if you apply the independent duty analysis to a contract in a tort claim where conversion and something arising to level of intentional theft has occurred does the contract address the duty not to take um some aspect of that property right that that doesn't belong to you here the answer is is no your honor all right thank you I appreciate your argument uh Mr. Baldwin uh you may proceed and if you give Mr. Baldwin an additional 30 seconds he doesn't need to take it but if he wants it he has thank you your honor I think the I'd like to follow up on the last uh exchange there Utah does describe uh the test as requiring the court to examine the subject matter of the contract and I think the discussion that we've just had illustrates there there is no disentangling the tort claim and the contract claim from the subject matter of the contract this isn't just something that was a passing reference in the contract the titles and the car were the and they defined the terms under which Mr. Cassana could obtain those cards and he breached that and it it is absolutely an overlapping duty even though you know you can squint your eyes and see it as more of a tort claim rather than a contract claim Utah is clear that where there is overlap such as exists here the economic loss rule requires the the tort claims to be precluded and the remedy that's available is a contract remit what if the duty arises by virtue of criminal law like like the the criminal prohibition against committing larceny wouldn't that be independent of the contract you know first Utah has not discussed that um my guess is that I think that there probably is a difference there because larceny would involve um you know some affirmative act you know for example if Mr. Cassana had personally broken into the facility and stolen the titles out of the safe or in my hypothetical when I stole your ring I committed larceny so I think you had earlier indicated that that the economic loss rule would prevent me from or you from suing me I'm sorry it's your lawsuit it's me uh for conversion because because I could cure the cure it by paying a hundred dollars will appear maybe it's not so clear because I've committed larceny and that's not you know paying a hundred dollars isn't going to prevent the commission of larceny I think the key there is going to depend upon exactly what happened because the conduct has to give rise to a truly independent duty and if the conduct that took place that led to the breach is coextensive with what would you know if you look at the case a little bit differently you can frame it as a tort instead of a contract that is precisely what the economic loss rule is for and I'd also like to focus on a couple of other points really quickly um the notion that Miss Tapia was paid for this conduct that is absolutely not in this record that may be in the trial court record I'm I'm not it is not before this court additionally the history of the economic loss rule informs um how how this court should be thinking of this in terms of how the duties relate to one another and I seem out of time sorry I can I can briefly conclude just finish your thought all right thank you very much your honor um so the economic loss rule in its early years in Utah was applied to the construction context where the court was trying to address situations you know commercial contexts where there were multiple contracts and you had contractors and subcontractors and the idea was we aren't going to allow parties to use tort law to supplement their contracts when you have engaged in a contract you are limited to the contract damages and the Utah courts have not um limited those principles in any way when applying it outside of the construction context and that is why it is so rigidly applied and so critical that when there is a case where a claim could absolutely be made that there is a way of stating a tort theory but it also overlaps with a contractual duty the Utah courts foreclose the tort duties full stop and then I submit the case thank you thank you for your arguments very well argued on both sides I appreciate that